50    333
61     37

MINNEHAHA DRIVING PARK ASSOCIATION OF MINNEAPOLIS *vs.* HARRY
F. LEGG.

Submitted on briefs June 10, 1892. Decided July 1, 1892.

**Evidence Examined—Forfeiture not Shown.**

In an action by a corporation to recover from a stockholder for stock subscribed for and issued to him, *held*, that the defense that the action was barred by reason of the corporation having enforced a *forfeiture* of the stock was not shown by the case.

**Same—Surrender of Stock not Shown.**

*Held, also*, that the defense that the stock had been surrendered and accepted by the corporation in discharge of the contract was not so clearly shown by the evidence as to require the court to so find.

Appeal by defendant, Harry F. Legg, from a judgment of the Municipal Court of the City of Minneapolis, *Elliot*, J., entered against him January 30, 1892, for $150.17.

On April 20, 1888, defendant and others subscribed for and severally agreed with the plaintiff, the Minnehaha Driving Park Association of Minneapolis, to take the number of shares of its stock set opposite their names respectively, and to pay for them in installments as called for by the board of directors. The defendant set opposite his name five shares of $50 each. The board made calls to the amount of seventy per cent., a part of which the defendant paid. This action was to recover the residue. Defendant denied that plaintiff was legally incorporated, and alleged that his stock had been forfeited for nonpayment of assessments, and that he had surrendered his stock to the plaintiff to be cancelled, and that it had accepted the stock and agreed to cancel it. A jury was waived. The court made findings and ordered judgment for plaintiff. The judgment was entered and defendant appeals.

*F. D. Larrabee*, for appellant, cited *Small* v. *Herkimer Mfg. Co.*, 2 N. Y. 330; *Ashton* v. *Burbank*, 2 Dill. 435; *Mills* v. *Stewart*, 41 N. Y. 384; *Rutland & B. R. Co.* v. *Thrall*, 35 Vt. 536; *Macon & A. R. Co.* v. *Vason*, 57 Ga. 314; *Mechanics' Foundry & M. Co.* v. *Hall*, 121 Mass. 272.

*Byers & Augir,* for respondent, cited *Johnson* v. *Albany & S. R. Co.,* 40 How. Pr. 193; *Upton* v. *Tribilcock,* 91 U. S. 45; *Bedford R. Co.* v. *Bowser,* 48 Pa. St. 29.

DICKINSON, J. The defendant subscribed for and received some shares of stock in the plaintiff corporation. This is an action to recover unpaid installments of the purchase price. The plaintiff recovered judgment on the findings of the court, and the defendant appealed therefrom. The only subject requiring consideration is whether the plaintiff is barred from pursuing this remedy by reason of the stock having been forfeited or canceled. The court did not find that there had been any forfeiture or cancellation of the defendant's stock, but it is claimed that the court erred in refusing to so find. But we deem the evidence to have been insufficient to have required, even it would have justified, such a finding.

The forfeiture of stock by the act or declaration of the corporation for nonpayment is not known to the common law. Such a right can exist, such a remedy be pursued, only when authorized by the general statute law, or by the charter of the corporation, or by the consent of the stockholders, (Cook, Stocks, 121, 123;) and to such sources must we look, not only for the authority, but to learn in what manner it is to be exercised, if any particular procedure has been prescribed.

A by-law of this corporation (probably adopted in accordance with 1878 G. S. ch. 34, § 410) provides that, upon default of a stockholder, as particularly specified, "his stock may be declared forfeited by the board of directors, * * * and the secretary shall sell said stock at public auction * * * after ten days' notice in writing has been sent to each stockholder, including the owner of the forfeited stock. * * * The money received from such sale, less all claims of the association against the same, shall be paid over by the treasurer to the former owner." There does not appear to have been any other authority for forfeiting stock, or any other prescribed method. Under this by-law no mere declaration of forfeiture upon default would constitute an effectual forfeiture. It contemplates a sale of the stock at public auction for the benefit of the owner as to

any surplus that may be realized over the amount due on the stock. No attempt to thus forfeit the stock seems to have been made. No notice of sale and no sale is shown. The motion adopted by the directors in December, 1888, in terms empowering the secretary to cancel stock past due, need not be dwelt upon, for the assessments which had then been made on the defendant's stock were paid by him.

In February, 1891, after other calls had been made; a motion was made and adopted at a meeting of the directors "that all surrendered stock returned to the association be canceled." This certainly did not constitute a forfeiture by act of the corporation under the by-law, and the only question there can be as to its effect upon the defendant's contract is whether, in connection with the other evidence in the case, a rescission of the contract by agreement of the corporation and of the defendant is shown. We do not consider under what circumstances, if at all, the directors were empowered in that way to rescind a contract of membership in the corporation, so as to discharge the contract obligation of the stockholder. It is at least so doubtful whether this action of the directors had reference to the defendant's stock that it cannot be said that the court erred in refusing to so regard it. It is shown that the defendant had long before that time given up his stock certificate to the secretary of the association, refusing to make further payments on it; and it may be assumed that the defendant intended thereby to surrender it to the corporation, and, if possible, to effect a rescission or cancellation of his contract. On the other hand, the secretary had no power to thus accept the surrender of the stock, and to cancel the obligation of the defendant; and his testimony tended to show that he did not assume so to do, but that he received the stock with the intention of finding some person who would take it in place of the defendant, so that the latter might thus be released; but that he never succeeded in doing so. Hence it is doubtful whether, under the circumstances shown by the evidence, the action of the board of directors, above recited, referred to or embraced the stock of this defendant. The defendant could not, by his own mere surrender or abandonment of his stock, or of his rights of membership, discharge

himself from his contract obligation. Consent on the part of the corporation was also necessary, and the burden was on him to show such consent in defense of this action on the original contract.

Judgment affirmed.

(Opinion published 52 N. W. Rep. 898.)